1:14-CV-1577

# EXHIBIT "E'

# UNITED STATES DISTRICT COURT DISTRICT OF

## SOUTH CAROLINA

## US vs. LYNN E. SZYMONIAK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br>*Ex rel.*<br><br>[UNDER SEAL],<br><br>**Plaintiff-Relator,**<br><br>v.<br><br>[UNDER SEAL],<br><br>**Defendants.** | C.A. No. 0:10-cv-01465-JFA<br><br>**COMPLAINT** |

# FILED IN CAMERA AND UNDER SEAL

(iii) Florida ........ 39

(iv) Minnesota ........ 41

B. Defendants' Use of Fake Documents, False Officer Titles, and Forged Signatures Violates the Federal Lending Laws, and State Mortgage Fraud and Notary Fraud Laws ........ 48

VII. THE U.S. GOVERNMENT PURCHASED MORTGAGE-BACKED SECURITIES MADE UP OF MORTGAGES WITH MISSING OR FORGED ASSIGNMENTS FROM ORIGINATING BANKS TO THE SECURITIES TRUSTS SUFFERING SUBSTANTIAL FINANCIAL HARM ........ 50

A. Types of MBS ........ 50

B. MBS Purchases by Federal Reserve Funding of Maiden Lane Transactions ........ 51

C. MBS Purchases by Treasury Financing of Public-Private Partnership Funds ........ 56

D. MBS Purchases by Federal Reserve and Treasury Direct Purchases ........ 59

E. Damages to the U.S. Government ........ 59

(i) Impaired Value of MBS ........ 59

(ii) Fannie Mae and Freddie Mac ........ 60

(iii) Federal Taxes From Trusts' Loss of Tax Status due to Assignments Made After the Date of Trust Formation ........ 63

VIII. CAUSES OF ACTION ........ 64

COUNT I
Federal False Claims Act, 31 U.S.C. § 3729(a)(1)(A) ........ 64

COUNT II
Federal False Claims Act, 31 U.S.C. § 3729(a)(1)(B) ........ 65

COUNT III
Federal False Claims Act, 31 U.S.C. § 3729(a)(1)(C) ........ 67

IX. PRAYER FOR RELIEF ........ 68

X. REQUEST FOR A TRIAL BY JURY ........ 69

**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

UNITED STATES OF AMERICA,

**Plaintiff,**
*Ex rel.*

LYNN E. SZYMONIAK,

**Plaintiff-Relator,**

v.

AMERICAN HOME MORTGAGE SERVICING, INC.;
SAXON MORTGAGE SERVICES, INC.;
LENDER PROCESSING SERVICES, INC.;
DOCX, LLC;
CITIMORTGAGE, INC., f/k/a
CITI RESIDENTIAL LENDING, INC., f/k/a
AMC MORTGAGE SERVICES, INC.;
WELLS FARGO HOME MORTGAGE d/b/a
AMERICA'S SERVICING COMPANY,
BANK OF AMERICA CORPORATION,
as successor-in-interest to Lasalle Bank;
THE BANK OF NEW YORK MELLON;
CORPORATION;
CITIBANK, NATIONAL ASSOCIATION;
DEUTSCHE BANK NATIONAL TRUST COMPANY;
DEUTSCHE BANK TRUST COMPANY AMERICAS;
HSBC USA, NATIONAL ASSOCIATION;
J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION;
U.S. BANK, NATIONAL ASSOCIATION; and
WELLS FARGO BANK, NATIONAL ASSOCIATION;

**Defendants.**

**FILED UNDER SEAL pursuant to 31 U.S.C. § 3730(b)(2)**

C.A. No. 0:10-cv-01465-JFA

**COMPLAINT**

**RICHARD A. HARPOOTLIAN P.A.**
**Richard A. Harpootlian, Esq.**
**1410 Laurel Street**
**Post Office Box 1090**
**Columbia, SC 29202**
**Telephone: (803) 252-4848**

**GRANT & EISENHOFER P.A.**
**Jay W. Eisenhofer, Esq.**
**Frank Karam, Esq.**
**Lydia Ferrarese, Esq.**
**485 Lexington Avenue**
**New York, NY 10017**
**Telephone: (646) 722-8500**
**Facsimile: (646) 722-8501**

**JANET, JENNER & SUGGS, LLC**
**Howard Janet, Esq.**
**Woodholme Center**
**1829 Reisterstown Road, Suite 320**
**Baltimore, MD 21208**
**Telephone: (410) 653-3200**
**Facsimile: (410) 653-9030**

**GRANT & EISENHOFER P.A.**
**Reuben Guttman, Esq.**
**1920 L Street, N.W., Suite 400**
**Washington, D.C. 20036**
**Telephone: (202) 386-9500**
**Facsimile: (202) 350-5908**

**JANET, JENNER & SUGGS, LLC**
**Kenneth M. Suggs, Esq.**
**500 Taylor Street**
**Columbia, SC 29201**
**Telephone: (803) 726-0050**
**Facsimile: (410) 653-9030**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. JURISDICTION AND VENUE ..... 3

III. PARTIES ..... 4

A. Relator ..... 4

B. Defendants ..... 4

IV. BACKGROUND ..... 7

A. Real Estate Sale, Mortgage Finance and Foreclosure Procedures ..... 7

B. Relator's Mortgage ..... 8

C. Foreclosure Proceedings Against Relator ..... 10

D. Relator Discovers a Forged Mortgage Assignment Filed in Her Foreclosure by DBNTC ..... 11

E. Relator Reports Discovery of Mortgage Assignment Fraud to Authorities ..... 15

V. THE MORTGAGE-BACKED SECURITIES MARKET ..... 15

A. Mortgage-backed Securities Trusts and the Trustees' Role ..... 15

B. Mortgage-backed Securities Trusts, Controlled by the Trustee Bank Defendants Allegedly Purchased Notes and Mortgages on Homes in South Carolina and Across the United States ..... 16

C. The Foreclosure Problem in South Carolina and the United States ..... 18

D. Defendants' Role in the Foreclosure Actions in the South Carolina Courts and Defendants' Filing of Forged Mortgage Assignments in South Carolina, and Across the United States, Worsening the Foreclosure Problem ..... 19

VI. DEFENDANTS' ACTS VIOLATE THE FALSE CLAIMS ACT ..... 22

A. False Corporate Officer Titles and Forged Signatures ..... 24

(i) South Carolina ..... 25

(ii) Georgia ..... 27

Plaintiff/Relator Lynn E. Szymoniak ("Relator"), by and through her attorneys, Richard A. Harpootlian P.A., Grant & Eisenhofer P.A., and Janet, Jenner & Suggs, LLC, files this complaint against Defendants and alleges as follows:

## I. INTRODUCTION

1. According to the U.S. Securities and Exchange Commission ("SEC"): "Mortgage-backed securities ["MBS"] are debt obligations that represent claims to the cash flows from pools of mortgage loans, most commonly on residential property. Mortgage loans are purchased from banks, mortgage companies, and other originators and then assembled into pools by a governmental, quasi-governmental, or private entity. The entity then issues securities that represent claims on the principal and interest payments made by borrowers on the loans in the pool, a process known as securitization." SEC, "Mortgage-Backed Securities" (June 25, 2007) (http://www.sec.gov/answers/ mortgagesecurities.htm).

2. The defendants named herein are: (i) trustees which controlled the MBS trusts whose assets consisted of pools of residential mortgages in South Carolina and throughout the United States, and (ii) the mortgage servicing companies that managed the day-to-day operations of the payment processing and foreclosure proceedings at the direction of the trustee banks.

3. The U.S. government has financed the purchase of the MBS that used the defendants as trustees or servicers, and are missing assignments, or include forged assignments. The U.S. government is harmed by the resulting impaired value of the purchased securities and by the increased costs to prove good title to the mortgages purportedly in their MBS' asset pools, since the supporting documents are missing or forged.

4. Pursuant to the Federal Civil False Claims Act, 31 U.S.C. § 3729 *et seq.*[1] (the "FCA"), Relator seeks to recover, on behalf of the United States of America, damages and civil penalties arising from the sale by Defendants of MBS, and other forms of asset-backed securities, using funds provided by the United States ("U.S.") government.

5. Relator conducted her own investigations in furtherance of a False Claims Act *qui tam* action and found that The Defendants pursued and continue to pursue foreclosure actions using false and fabricated documents, particularly mortgage assignments. The Defendants used these fraudulent mortgage assignments to conceal that over 200 MBS trusts, each with mortgages valued at over $1 billion, are missing critical documents, namely, the mortgage assignments that were required to have been delivered to the trusts at the inception of the trust. Without lawfully executed mortgage assignments, the value of the mortgages and notes held by the trusts is impaired because effective assignments are necessary for the trust to foreclose on its assets in the event of mortgage defaults. When the trustee banks discovered that the mortgage assignments were missing, the trustee banks, together with an associated servicing company, default management company and/or mortgage loan documentation company, devised and operated a scheme to replace the missing assignments with fraudulent, fabricated assignments. The purpose of this scheme was to meet the evidentiary requirements imposed by courts in the foreclosure cases, and to conceal from trust shareholders the true, impaired value of the assets of each of the trusts, crippled by the missing assignments and related documents.

[1] This action is brought pursuant to both the FCA as it stood prior to the enactment of the Fraud Enforcement and Recovery Act of 2009 (the "FERA") and the FCA, as amended by the FERA.

6. The fraud carried out by the Defendants in this case includes, *inter alia*:

- Mortgage assignments with forged signatures of the individuals signing on behalf of the grantors, and forged signatures of the witnesses and the notaries;
- Mortgage assignments with signatures of individuals signing as corporate officers for banks and mortgage companies that never employed them;
- Mortgage assignments prepared and signed by individuals as corporate officers of mortgage companies that had been dissolved by bankruptcy years prior to the assignment;
- Mortgage assignments prepared with purported effective dates unrelated to the date of any actual or attempted transfer (and in the case of trusts, years after the closing date of the trusts);
- Mortgage assignments prepared on behalf of grantors who had never themselves acquired ownership of the mortgages and notes by a valid transfer, including numerous such assignments where the grantor was identified as "Bogus Assignee for Intervening Assignments;" and
- Mortgage assignments notarized by notaries who never witnessed the signatures that they notarized.

## II. JURISDICTION AND VENUE

7. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732.

8. This Court has personal jurisdiction over the Defendants pursuant to subject matter jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) because Defendants transact the business that is the subject matter of this lawsuit in the District of South Carolina and numerous acts proscribed by 31 U.S.C. § 3729 occurred in the District of South Carolina.

9. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) because Defendants transact the business that is the subject matter of this lawsuit in the District of

South Carolina and numerous acts proscribed by 31 U.S.C. § 3729 occurred in the District of South Carolina.

## III. PARTIES

### A. Relator

10. Relator Lynn E. Szymoniak brings this action on behalf of herself and the federal government pursuant to 31 U.S.C. §§ 3729-3733. Relator is an attorney specializing in white collar fraud in Palm Beach County, Florida. Relator resides and works in Palm Beach Gardens, Florida. Relator has direct and personal knowledge of the fraudulent scheme described herein. .

### B. Defendants

11. Defendant AMERICAN HOME MORTGAGE SERVICING, INC. ("AHMS") is a corporation formed under the laws of the State of Delaware. AHMS operates service centers in Irvine, California, Jacksonville, Florida, and Pune, India. AHMS' corporate headquarters is located at 1525 South Beltline Road, Coppell, Texas.

12. Defendant SAXON MORTGAGE SERVICES, INC. ("SAXON") is a corporation formed under the laws of the State of Delaware. SAXON's corporate headquarters is located at 4708 Mercantile Drive, Fort Worth, Texas.

13. Defendant LENDER PROCESSING SERVICES, INC. ("LPS") is a corporation formed under the laws of the State of Delaware. LPS' corporate headquarters is located at 601 Riverside Avenue, Jacksonville, Florida.

14. Defendant DOCX, LLC ("DOCX") is a limited liability company formed under the laws of the State of Georgia. DOCX is a subsidiary of LPS. DOCX's principal place of business is located at 601 Riverside Avenue, Jacksonville, Florida.

15. Defendant AMC MORTGAGE SERVICES, INC., is a corporation formed under the laws of the State of Delaware. Prior to August 31, 2007, AMC MORTGAGE SERVICES was a subsidiary of ACC Capital Holdings Corporation, based in Orange, California, but on that date was sold to Citigroup and renamed CITI RESIDENTIAL LENDING, INC.. In 2009 and 2010, CITI RESIDENTIAL LENDING, INC., was merged into CITIMORTGAGE, INC. ("AMC/CITI"). Defendants CITI RESIDENTIAL LENDING, INC., and CITIMORTGAGE, INC., are both corporations formed under the laws of the State of Delaware, and are both subsidiaries of CITIGROUP, INC., based in New York, New York. AMC/CITI's corporate headquarters is located at 1000 Technology Drive, O'Fallon, Missouri.

16. Defendant WELLS FARGO HOME MORTGAGE, INC. d/b/a AMERICA'S SERVICING COMPANY ("WELLS/ASC") is a corporation formed under the laws of the State of Delaware. WELLS/ASC is a division of defendant WELLS FARGO BANK, NATIONAL ASSOCIATION, which is a subsidiary of WELLS FARGO & COMPANY, with a corporate headquarters in San Francisco, California. WELLS/ASC's corporate headquarters is located at 3476 Stateview Boulevard, Fort Mill, South Carolina.

17. Defendant BANK OF AMERICA CORPORATION ("BA") is a corporation formed under the laws of the State of Delaware. BA's corporate headquarters is located at Bank of America Corporate Center, 100 North Tryon Street, Charlotte, North Carolina. BA is successor-in-interest to LaSalle Bank.