1:14-CV-1577

# EXHIBIT “F’

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIV

## COUNTRYWIDE HOME LOANS vs.

## AMERICA’S WHOLESALE LENDER INC

## Case No. 8:12-cv-00242

COPY

FILED

2012 FEB 13 PM 3:29

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

ROBERT E. BOONE III (SBN 132780)
NAFIZ CEKIRGE (SBN 255710)
ROBERT G. LANCASTER (SBN 257504)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
E-Mail: reboone@bryancave.com
nafiz.cekirge@bryancave.com
rglancaster@bryancave.com

Attorneys for Plaintiffs
COUNTRYWIDE HOME LOANS, INC.,
BANK OF AMERICA CORPORATION and
BANK OF AMERICA, N.A.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.,

Plaintiffs,

v.

AMERICA'S WHOLESALE LENDER, INC., a New York Corporation; DENNIS L. BELL, an individual; CHERI B. ENGLISH, an individual; JAN VAN ECK (a/k/a HERMAN JAN VAN ECK a/k/a MAURITZ VAN ECK a/k/a MAURICE VAN ECK a/k/a MARITZ VAN ECK a/k/a GEORGE TOMAS), an individual; and DOES 1-10 ,

Defendants.

Case No. SACV12-242-CJC (ANx)

**COMPLAINT FOR:**

**(1) TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114(1)**

**(2) FALSE DESIGNATION OF ORIGIN –15 U.S.C. § 1125(A)(1)(A)**

**(3) TRADEMARK INFRINGEMENT – CAL. BUS. & PROF. CODE § 14245**

**(4) UNFAIR, UNLAWFUL AND FRAUDULENT BUSINESS PRACTICES – CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.***

**(5) DECEPTIVE, FALSE & MISLEADING ADVERTISING – CAL. BUS. & PROF. CODE §§ 17500 *ET SEQ.***

**(6) DECLARATORY RELIEF**

**(7) CANCELLATION OF INSTRUMENTS – CAL. CIV. CODE § 3412**

Plaintiffs Countrywide Home Loans, Inc., Bank of America Corporation and Bank of America, N.A., by and through their undersigned counsel, allege as follows against defendants America's Wholesale Lender, Inc., a New York corporation, Dennis L. Bell, an individual, Cheri English, an individual and Jan Van Eck (a/k/a Herman Jan Van Eck, Mauritz Van Eck, Maurice Van Eck, Maritz Van Eck and George Tomas), an individual (collectively "Defendants").

**PARTIES**

1. Plaintiff Countrywide Home Loans, Inc. ("CHL") is a New York corporation with its principal place of business in California. For many years, CHL conducted part of its mortgage lending business under the fictitious business name and mark "America's Wholesale Lender." The "America's Wholesale Lender" name is registered by CHL as a fictitious business name in 44 states, including New York, Kentucky, Pennsylvania and California (Los Angeles and Orange counties).

2. Plaintiff Bank of America Corporation ("BAC") is a Delaware corporation with its principal place of business in North Carolina. BAC owns the federally registered mark AMERICA'S WHOLESALE LENDER®.

3. Plaintiff Bank of America, N.A. ("BANA") is a national banking association with its main office in North Carolina. BANA services the loans that are at the center of Defendants' fraudulent scheme.

4. Defendant America's Wholesale Lender, Inc. ("AWLI") is an inactive New York corporation registered on or about December 16, 2008, with its principal place of business located at 875 Avenue of the Americas, Suite 105, New York, NY 10001. AWLI does business and conducts fraudulent activities in California and this District using BAC and CHL's "America's Wholesale Lender" name and AMERICA'S WHOLESALE LENDER® mark.

5. Defendant Dennis L. Bell ("Bell") is a resident of Kentucky and purports to be the president of AWLI. Bell does business and conducts fraudulent activities in California and in this District using BAC and CHL's "America's

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Wholesale Lender" name and AMERICA'S WHOLESALE LENDER® mark. Plaintiffs allege on information and belief that Bell has been incarcerated in California, has an extensive criminal record in Missouri, and has a long history of committing fraud on lenders.

6. Defendant Cheri B. English is a resident of Kentucky and purports to be an Executive Vice President of AWLI. English does business and conducts fraudulent activities in California and in this District using BAC and CHL's "America's Wholesale Lender" name and AMERICA'S WHOLESALE LENDER® mark.

7. Jan Van Eck (a/k/a Herman Jan Van Eck a/k/a Mauritz Van Eck a/k/a Maurice Van Eck a/k/a Maritz Van Eck a/k/a George Tomas) ("Van Eck") is a resident of Connecticut and purports to be a Vice President of AWLI. Van Eck does business and conducts fraudulent activities in California and in this District using BAC and CHL's "America's Wholesale Lender" name and AMERICA'S WHOLESALE LENDER® mark.

8. At all times relevant hereto, Defendants were and are acting in concert, were and are agents of each other, induced and continue to induce each other's actions, and conspired and continue to conspire to infringe the "America's Wholesale Lender" name and AMERICA'S WHOLESALE LENDER® mark and commit the other violation of law described in this Complaint.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

## JURISDICTION

9. This Court has original subject matter jurisdiction under 28 U.S.C. section 1331 over the federal claims in this action arising under 15 U.S.C. sections 1114 and 1125.

10. This Court has supplemental jurisdiction over the claims arising under California law pursuant to 28 U.S.C. section 1367(a) because the state law claims are so related to the federal claims brought herein that they form part of the same case or controversy.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

11. This Court has personal jurisdiction over AWLI because AWLI purposefully directed its activities to California, consummated transactions in California and purposefully availed itself of the privileges of conducting activities in California by doing the following in exchange for pecuniary gain: (1) recording fraudulent reconveyances in California county recorder's offices that purport to release liens on California properties associated with mortgages originated by CHL; and (2) filing fraudulent stipulated judgments in California state courts that purport to: (a) modify or cancel mortgages originated by CHL that relate to California properties; and (b) release liens established by CHL that relate to California properties. Plaintiffs' claims arise out of AWLI's California-related fraudulent scheme and this Court's jurisdiction over AWLI is reasonable based on that California-related fraudulent scheme.

12. This Court has personal jurisdiction over Bell because Bell has purposefully directed his activities to California, consummated transactions in California and purposefully availed himself of the privileges of conducting activities in California by doing the following as an officer of the sham corporation AWLI in exchange for pecuniary gain: (1) recording fraudulent reconveyances in California county recorder's offices that purport to release liens on California properties associated with mortgages originated by CHL; and (2) filing fraudulent stipulated judgments in California state courts that purport to: (a) modify or cancel mortgages originated by CHL that relate to California properties; and (b) release liens established by CHL that relate to California properties. Bell admitted in a declaration under penalty of perjury in an action that he filed in the United States District Court for the District of Connecticut styled *America's Wholesale Lender, Inc. v. Van Eck*, Civil No. 11-cv-1493 (CFD) (TPS), that he traveled to California in connection with the aforementioned fraudulent scheme. Plaintiffs' claims arise out Bell's participation in the aforementioned California-related fraudulent scheme. This Court's jurisdiction over Bell is reasonable because he targeted his fraudulent

scheme at California, and committed numerous fraudulent acts in California as part of that scheme. Bell cannot avail himself of the fiduciary shield doctrine because Bell controls and directly participates in the aforementioned California-related fraudulent scheme perpetrated through the sham corporation AWLI.

13. This Court has personal jurisdiction over English because English has purposefully directed her activities to California, consummated transactions in California and purposefully availed herself of the privileges of conducting activities in California by doing the following as an officer of the sham corporation AWLI in exchange for pecuniary gain: (1) recording fraudulent reconveyances in California county recorder's offices that purport to release liens on California properties associated with mortgages originated by CHL; and (2) filing fraudulent stipulated judgments in California state courts that purport to: (a) modify or cancel mortgages originated by CHL that relate to California properties; and (b) release liens established by CHL that relate to California properties. Plaintiffs' claims arise out English's participation in the aforementioned California-related fraudulent scheme. This Court's jurisdiction over English is reasonable because she targeted her fraudulent scheme at California, and committed numerous fraudulent acts in California as part of that scheme. English cannot avail herself of the fiduciary shield doctrine because English controls and directly participates in the aforementioned California-related fraudulent scheme perpetrated through the sham corporation AWLI.

14. This Court has personal jurisdiction over Van Eck because Van Eck has purposefully directed his activities to California, consummated transactions in California and purposefully availed himself of the privileges of conducting activities in California by doing the following as an officer of the sham corporation AWLI in exchange for pecuniary gain: (1) recording fraudulent reconveyances in California county recorder's offices that purport to release liens on California properties associated with mortgages originated by CHL; and (2) filing fraudulent stipulated

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

judgments in California state courts that purport to: (a) modify or cancel mortgages originated by CHL that relate to California properties; and (b) release liens established by CHL that relate to California properties. Plaintiffs' claims arise out Van Eck's participation in the aforementioned California-related fraudulent scheme. This Court's jurisdiction over Van Eck is reasonable because he targeted his fraudulent scheme at California, and committed numerous fraudulent acts in California as part of that scheme. Van Eck cannot avail himself of the fiduciary shield doctrine because Van Eck controls and directly participates in the aforementioned California-related fraudulent scheme perpetrated through the sham corporation AWLI.

**VENUE**

15. Venue is proper in this district pursuant to 28 U.S.C. section 1391 (b)-(c) because, as described below, a substantial part of the infringement, unfair business practices, and other prohibited conduct giving rise to the claims in this action occurred in this District.

**NATURE OF CASE**

16. CHL has used the "America's Wholesale Lender" fictitious business name and AMERICA'S WHOLESALE LENDER® mark in connection with its mortgage banking business for over eighteen years in California and throughout the United States. "America's Wholesale Lender" is registered by CHL as a fictitious business name in 44 states, including New York, Kentucky, Pennsylvania, and California (Los Angeles and Orange counties).

17. CHL extensively marketed, advertised, promoted and sold its services as a wholesale lender through various marketing channels throughout California and the United States using the "America's Wholesale Lender" fictitious business name and mark.

///

///

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

18. CHL originated millions of loans in California and throughout the United States using the "America's Wholesale Lender" fictitious business name and AMERICA'S WHOLESALE LENDER® mark.

19. Consequently, CHL and its fictitious business name "America's Wholesale Lender" and AMERICA'S WHOLESALE LENDER® mark are well known to consumers, the real estate and mortgage industry and the public at large.

20. AMERICA'S WHOLESALE LENDER® is also a federally registered trademark, Reg. No. 1872784, which was registered on January 10, 1995.

21. As a result of BAC's acquisition of Countrywide Financial Corporation and its family of companies, including CHL, BAC currently owns the federally registered service mark.

22. On or about December 16, 2008, Bell incorporated a corporation in New York named "America's Wholesale Lender, Inc." (incidentally, CHL is also a New York corporation).

23. At the time he incorporated AWLI, Bell was well aware that CHL used "America's Wholesale Lender" as a fictitious business name and AMERICA'S WHOLESALE LENDER® as a mark. Bell had obtained at least three loans from CHL in which CHL used its fictitious business name of "America's Wholesale Lender."

24. Bell chose the name of "America's Wholesale Lender, Inc" for the corporation he formed in New York for the sole purpose of impersonating CHL and carrying out the fraudulent scheme described below.

25. For instance, Bell has had his girlfriend, English, in her purported capacity as the Executive Vice President of AWLI, sign and file in the United States District Court for the Western District of Kentucky, a Confession of Judgment for $5,850,000 in favor of Bell and against CHL. Neither Bell nor English had any direct or indirect authority to bind CHL to any such judgment. The federal district

///

court ultimately recognized the Confession of Judgment was "fraudulent" and ordered the Confession of Judgment stricken.

26. Currently, Bell and the other Defendants are perpetrating a more far-reaching consumer fraud. The scheme is more or less as follows. Defendants solicit borrowers whose loans were originated by CHL under CHL's fictitious business name and mark "America's Wholesale Lender" to file suit against AWLI. Defendants then, without revealing to the borrowers that they do not represent CHL, enter into a settlement agreement and stipulated judgment , which is filed in court, that calls for a new more favorable loan in favor of AWLI—not CHL—in exchange for AWLI's agreement to terminate the old loan originated by CHL and reconvey the associated lien. Of course, AWLI has no authority to modify loans originated and liens established by CHL. All the while, the borrowers are misled into believing that they are dealing with CHL because of the similarity between the name of Defendants' sham corporation, America's Wholesale Lender, Inc., and Plaintiffs' legitimate and well-established fictitious business name and mark, America's Wholesale Lender.

27. Some specific examples of Defendants' fraudulent scheme generally described above include:

(a) On or about June 21, 2011, Merry B. Wells commenced an action against "America's Wholesale Lender, Inc." in the Orange County Superior Court for the State of California styled *Wells v. America's Wholesale Lender, et al.*, Case No. 30-2011-00485562. The lawsuit concerned a loan that Wells obtained from CHL in 2006 in a transaction in which CHL utilized its fictitious business name and mark, "America's Wholesale Lender." On or about July 19, 2011, Van Eck, using his alias, "Mauritz Van Eck," and acting as a "Vice-President" of AWLI, executed a "Settlement Agreement, Stipulation for Entry of Judgment and Judgment," which purported to cancel the loan originated by CHL, reconvey the deed of trust associated with that loan and make a new loan in favor of AWLI—not

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

CHL—with a significantly reduced loan balance. The court entered the stipulated judgment on or about August 26, 2011. On or about November 15, 2011, AWLI recorded a "Short Form Deed of Trust and Assignment of Rents" as document number 2011000580146 in the Orange County Recorder's Office, pursuant to the "Settlement Agreement, Stipulation for Entry of Judgment and Judgment," purporting to establish a new lien on Wells's property in favor of AWLI. On or about December 12, 2011, Bell, acting as "President" of AWLI, executed an "Assignment of Deed of Trust," purporting to assign the aforementioned "Short Form Deed of Trust and Assignment of Rents" to "Wendmere Funding, LLC, a Kentucky Limited Liability Company." This "Assignment of Deed of Trust" was recorded on or about January 4, 2012, in the Orange County Recorder's Office as document number 2012000002551. Neither AWLI, Van Eck, Bell nor any of the Defendants had any direct or indirect authority to take any of these actions with respect to the loan originated by CHL and accompanying lien.

(b) On or about March 25, 2011, Tan Nguyen commenced an action against "America's Wholesale Lender, Inc." in the Orange County Superior Court for the State of California styled *Nguyen v. America's Wholesale Lender, Inc., et al.*, Case No. 30-2011-00461444. The lawsuit concerned a loan that Nguyen obtained from CHL in 2004 in a transaction in which CHL utilized its fictitious business name and mark, "America's Wholesale Lender." On or about March 30, 2011, Van Eck, using his alias, "Maurits Van Eck," and acting as a "Sr. Vice President" of AWLI, executed a "Settlement Agreement, Stipulation for Entry of Judgment and Judgment," which purported to cancel the loan originated by CHL, reconvey the deed of trust associated with that loan, and make a new loan in favor of AWLI—not CHL—with a significantly reduced loan balance. The court entered the stipulated judgment on or about April 7, 2011. On or about April 9, 2011, Bell, acting as a "Vice President" of AWLI, executed a reconveyance of the legitimate lien established by CHL, which was recorded as document number 2011000197448 in

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

the Orange County recorder's Office on April 18, 2011. Neither AWLI, Van Eck, Bell, nor any other Defendant had any direct or indirect authority to take any of these actions with respect to the loan originated by CHL and accompanying lien.

(c) On or about June 14, 2011, Celia Calco-Crawford commenced an action against "America's Wholesale Lender" in the Orange County Superior Court for the State of California styled *Calco-Crawford v. America's Wholesale Lender, et al.*, Case No. 30-2011-00483557. The lawsuit concerned a loan that Calco-Crawford obtained from CHL in 2005 in a transaction in which CHL utilized its fictitious business name and mark, "America's Wholesale Lender." On or about June 15, 2011, Van Eck, using one of his aliases, "Maurits Van Eck," and acting as a "VP" of AWLI, executed an "Acknowledgement of Receipt" of the summons and complaint. On or about June 29, 2011, Van Eck, using his alias, "Maurice Van Eck," and acting as a "Vice President" of AWLI, executed a "Settlement Agreement, Stipulation for Entry of Judgment and Judgment," which purported to cancel the loan originated by CHL, reconvey the deed of trust associated with that loan in favor of AWLI—not CHL— with a significantly reduced loan balance. The court entered the stipulated judgment on or about August 26, 2011. On or about June 29, 2011, Van Eck, using his alias "Maurits Van Eck," and acting as a "V.P." of AWLI, executed an "Assignment of Deed of Trust," purporting to assign CHL's legitimate deed of trust to AWLI. The "Assignment of Deed of Trust" was recorded in the Orange County Recorder's Office on or about July 14, 2011, as document number 2011000344047. On or about July 13, 2011, Van Eck, using his alias "Maurice Van Eck," and acting as "V.P." of "America's Wholesale Lender" executed an "Assignment of Deed of Trust," purporting to assign CHL's legitimate deed of trust to AWLI. The "Assignment of Deed of Trust" was recorded in the Orange County Recorder's Office on or about July 18, 2011, as document number 2011000347498. Neither AWLI , Van Eck, nor any other Defendant had any direct

///

or indirect authority to take any of these actions with respect to the loan originated by CHL and accompanying lien.

(d) On or about June 7, 2011, Dennis and Linda Burk commenced an action against "America's Wholesale Lender, Inc." in the Orange County Superior Court for the State of California styled *Burk, et al. v. America's Wholesale Lender, Inc., et al.*, Case No. 30-2011-00481641. The lawsuit concerned one loan that the Burks obtained from CHL in 2005 in a transaction in which CHL utilized its fictitious business name and mark, "America's Wholesale Lender." On or about June 20, 2011, Bell, acting as "President" of AWLI, executed a "Settlement Agreement, Stipulation for Entry of Judgment and Judgment," which purported to cancel the loan originated by CHL, reconvey the deed of trust associated with that loan and make a new loan in favor of AWLI—not CHL—with a significantly reduced loan balance. On or about June 20, 2011, Bell, acting as a "President" of AWLI, executed a reconveyance of the legitimate lien established by CHL, which was recorded as document number 2011000420707 in the Orange County recorder's Office on August 25, 2011. Neither AWLI, Bell, nor any other Defendant had any direct or indirect authority to take any of these actions with respect to the loan originated by CHL and accompanying lien.

(e) On or about June 8, 2011, Michael and Jan Budka commenced an action against "America's Wholesale Lender, Inc." in the Orange County Superior Court for the State of California styled *Budka, et al. v. America's Wholesale Lender, Inc., et al.*, Case No. 30-2011-00481753. The lawsuit concerned one loan that the Budkas obtained from CHL in 2004 in a transaction in which CHL utilized its fictitious business name and mark, "America's Wholesale Lender." On or about July 23, 2011, Van Eck, using his alias "Maurice Van Eck," and acting as a "Vice President" of AWLI, executed an "Assignment of Deed of Trust," which purported to assign the legitimate deed of trust established by CHL to AWLI. The assignment was recorded as document number 2011000360230 in the Orange

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

County recorder's Office on July 25, 2011. Neither AWLI, Van Eck, nor any other Defendant had direct or indirect authority to take any of these actions with respect to the loan originated by CHL and accompanying lien.

(f) On or about June 21, 2011, Celia May commenced an action against "America's Wholesale Lender, Inc." in the Los Angeles County Superior Court for the State of California styled *May v. America's Wholesale Lender, Inc., et al.*, Case No. LC093985. The lawsuit concerned one loan that May obtained from CHL in 2005 in a transaction in which CHL utilized its fictitious business name and mark, "America's Wholesale Lender." On or about October 12, 2011, Bell, acting as a "President" of AWLI, executed a reconveyance of the legitimate lien established by CHL, which was recorded as document number 20111445629 in the Los Angeles County Recorder's Office on October 26, 2011. On or about November 16, 2011, AWLI recorded a "Deed of Trust" as document number 20111548663 in the Los Angeles County Recorder's Office, pursuant to the "Settlement Agreement, Stipulation for Entry of Judgment and Judgment," purporting to establish a new lien on May's property in favor of AWLI. Neither AWLI, Bell nor any other Defendant had any direct or indirect authority to take any of these actions with respect to the loan originated by CHL and accompanying lien.

(g) On or about April 25, 2005, CHL, utilizing its fictitious business name and mark, "America's Wholesale Lender," made a loan in the amount of $1,440,000 to Jeffrey C. Hamilton and Elizabeth Hamilton, which was secured by a deed of trust recorded in the Orange County Recorder's Office as document number 2005000329048. On or about August 18, 2011, Van Eck, using his alias "Maurice Van Eck," and acting as a purported "Vice President" of "America's Wholesale Lender" executed an "Assignment of Deed of Trust," which purported to assign the deed of trust established by CHL to "The Ryzman Foundation, Inc." The assignment was recorded as document number 2011000415908 in the Orange County recorder's Office on August 23, 2011.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

28. Defendants' wrongful conduct is not limited to the circumstances described in Paragraph 27 above.

29. Taking advantage of the similarity of the name of their sham corporation ("America's Wholesale Lender, Inc.") and CHL and BAC's legitimate name and mark ("America's Wholesale Lender"), Defendants continue their deceptive and fraudulent impersonation of CHL to confuse borrowers, courts, county recorders and the public at large into believing that Defendants are acting on behalf of, or are authorized by Plaintiffs, when in reality they are not.

30. Defendants' actions are also designed to create the misimpression in courts, county recorders and the public at large that valid liens established by CHL, that should be in full force and effect, have been reconveyed and that there are court judgments against CHL.

31. Defendants are not authorized by the Plaintiffs to use "America's Wholesale Lender" in any form or variation as a mark or name for any purpose.

32. Defendants' deceptive and fraudulent impersonation of CHL and deceptive, fraudulent and unauthorized misuse of the "America's Wholesale Lender" fictitious business name and mark and "America's Wholesale Lender®" federally registered trademark have caused pecuniary harm to Plaintiffs because Plaintiffs have been forced to, among other things, expend money and resources to rectify the fraudulent reconveyances that Defendants have placed in the land records and the fraudulent judgments that Defendants have placed in court records. Defendants' actions have also harmed Plaintiffs goodwill, business reputation and interfered with Plaintiffs' business.

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement – 15 U.S.C. § 1114(1))**

33. Plaintiffs incorporate by reference and reallege each and every allegation in paragraphs 1 through 32 as if fully set forth herein.

///

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

34. The above acts of Defendants constitute infringement of the AMERICA'S WHOLESALE LENDER® mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. section 1114(1).

35. Defendants have used and continue to use BAC's AMERICA'S WHOLESALE LENDER® mark in commerce in connection with the sale, offering for sale, distribution, or advertising of real estate financing and/or related services without authorization from Plaintiffs.

36. Defendants have reproduced, copied or imitated the federally registered AMERICA'S WHOLESALE LENDER® mark in commerce in connection with the sale, offering for sale, distribution, or advertising of real estate financing and/or related services without BAC's consent.

37. Defendants' infringing activities have in fact caused, and are likely to continue to cause, confusion, mistake and deception among the general consuming public and trade as to the origin and quality of services Defendants purport to offer, or of BAC's services.

38. Defendants' unlawful conduct has been knowing, deliberate and willful.

39. Defendants have been and are likely to continue to be unjustly enriched by their infringing conduct.

40. BAC has been harmed and continue to be harmed by Defendants' unlawful acts.

41. BAC has no adequate remedy at law. Defendants' conduct, as described herein, has caused and, if not enjoined, will continue to cause irreparable damage to BAC. As a result of Defendants' conduct, BAC is entitled to injunctive relief and damages in an amount to be determined at trial.

///

///

///

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin – 15 U.S.C. § 1125(a)(1)(A))**

42. Plaintiffs incorporate by reference and reallege each and every allegation in paragraphs 1 through 41 as if fully set forth herein.

43. The above acts of Defendants constitute false designation of origin in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. section 1125(a)(1).

44. The above acts of Defendants, including use of the term "America's Wholesale Lender" (with or without an apostrophe or ", Inc."), have in fact caused, and are likely to continue to cause, confusion, or to cause mistake, or to deceive as to the true identity of Defendants, or at the very least as to the affiliation, connection, or association of Defendants or Defendants' services or commercial activities with BAC or CHL or BAC or CHL's services. Defendants are directly liable for their actions and the actions of AWLI.

45. Defendants' unlawful conduct has been knowing, deliberate and willful.

46. Defendants have been and are likely to continue to be unjustly enriched by their unlawful conduct.

47. Plaintiffs have no adequate remedy at law. Defendants' conduct, as described herein, has caused and, if not enjoined, will continue to cause irreparable damage to the Plaintiffs. As a result of Defendants' conduct, BAC and CHL are entitled to injunctive relief and damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

**(Trademark Infringement – Cal. Bus. & Prof. Code § 14245)**

48. Plaintiffs incorporate by reference and reallege each and every allegation in paragraphs 1 through 47 as if fully set forth herein.

49. Defendants have used, and continue to use, BAC and CHL's "America's Wholesale Lender" name and AMERICA'S WHOLESALE LENDER® mark (with or without the apostrophe or ", Inc.") as an indicator of the source of

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Defendants' services for the purpose of enhancing the commercial value of Defendants' services.

50. BAC and CHL have no adequate remedy at law. Defendants' conduct, as described herein, has caused and, if not enjoined, will continue to cause irreparable damage to the BAC and CHL. As a result of Defendants' conduct, BAC and CHL are entitled to injunctive relief and damages in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**

**(Unlawful, Unfair and Fraudulent Bus. Practices – Cal. Bus. & Prof. Code § 17200 *et. seq.*)**

51. Plaintiffs incorporate by reference and reallege each and every allegation in paragraphs 1 through 50 as if fully set forth herein.

52. Defendants engaged in unlawful, unfair and fraudulent business acts and practices because they:

(a) violated California Penal Code section 529 by impersonating CHL and/or BAC in the process of accepting service of legal papers, entering into settlement agreements and/or consent judgments in state court purporting to bind CHL and/or BAC, modifying or cancelling loans originated by CHL, and reconveying liens established by CHL;

(b) violated California Civil Procedure Code section 1209(a)(8) by routinely and as a regular business practice accepting service of summonses and other legal documents, and by impersonating CHL and/or BAC to enter into consent judgments in state court that purport to bind CHL;

(c) violated 15 U.S.C. section 1114(1) as set forth above;

(d) violated 15 U.S.C. section 1125(a)(1)(A) as set forth above; and

(e) violated Cal. Bus. & Prof. Code section 14245 as set forth above.

53. Defendants engaged in unfair and fraudulent business acts and practices because they impersonated CHL and/or BAC through the use of corporate name

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

"America's Wholesale Lender, Inc"—which is deceptively similar to CHL's and BAC's "America's Wholesale Lender" name and AMERICA'S WHOLESALE LENDER® mark—for the purpose to misleading borrowers, courts, county recorders and the public at large into believing that Defendants are or represent CHL and/or BAC, or at the very least are associated with or sponsored or approved by Plaintiffs, when clearly they are not.

54. Defendants' unlawful, unfair and fraudulent business acts and practices have caused Plaintiffs to lose money and property, and, if not enjoined, will continue to cause Plaintiffs to lose money and property. As a result of Defendants' conduct, Plaintiffs are entitled to injunctive relief. Plaintiffs are also entitled to full restitution of any money or property that Defendants have gained by their violations of California Business & Professions Code sections 17200 *et seq.*

**FIFTH CLAIM FOR RELIEF**

**(Deceptive, False and Misleading Advertising – Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

55. Plaintiffs incorporate by reference and reallege each and every allegation in paragraphs 1 through 54 as if fully set forth herein.

56. Defendants adopted and are using BAC and CHL's "America's Wholesale Lender" name and AMERICA'S WHOLESALE LENDER® mark (with or without the apostrophe or ", Inc.") with the intent to directly or indirectly promote and sell Defendants' services and to profit from the Plaintiffs' reputation and goodwill.

57. The above acts of Defendants constitute untrue and misleading advertising as defined by California Business & Professions Code sections 17500 *et seq.*

58. Defendants' unlawful, unfair and fraudulent business acts and practices have caused Plaintiffs to lose money and property, and, if not enjoined, will continue to cause Plaintiffs to lose money and property. As a result of Defendants'

conduct, Plaintiffs are entitled to injunctive relief. Plaintiffs are also entitled to full restitution of any money or property that Defendants have gained by their violations of California Business & Professions Code sections 17500 *et seq*.

**SIXTH CLAIM FOR RELIEF**

**(Declaratory Relief)**

59. Plaintiffs incorporate by reference and reallege each and every allegation in paragraphs 1 through 58 as if fully set forth herein.

60. An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning Defendants' use of the name "America's Wholesale Lender, Inc." and the validity of Defendants' actions with respect to loans and liens established by CHL (including but not limited to the actions described in Paragraph 26).

61. Plaintiffs, in contrast to Defendants, believe that Defendants had and have no authority or right to use the name "America's Wholesale Lender, Inc." or any similar name because doing so confuses borrowers, courts, county recorders, and the general public into believing that Defendants are CHL and/or BAC, or associated with BAC and/or CHL, when clearly they are not.

62. Plaintiffs, in contrast to Defendants, believe that none of the Defendants had or have the authority to take any action with respect to loans originated by CHL and liens established by CHL (including but not limited to the actions described in Paragraphs 26).

63. Plaintiffs, in contrast to Defendants, believe that none of the Defendants had or have any right to contractually or otherwise bind Plaintiffs in any way whatsoever.

64. Plaintiffs desire a judicial declaration that:

(a) Defendants have no right to use the name "America's Wholesale Lender, Inc.," "America's Wholesale Lender," or any name similar to BAC and

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

CHL's "America's Wholesale Lender" name and AMERICA'S WHOLESALE LENDER® mark

(b) Any actions taken by Defendants, or any of their agents or representatives, with respect to loans originated by CHL and liens established by CHL are invalid, void and without any effect whatsoever.

(c) Any actions taken by Defendants, or any of their agents or representatives, that purport to bind Plaintiffs contractually or otherwise are invalid, void and without any effect whatsoever.

(d) Any instruments executed or entered into by Defendants, or any of their agents or representatives, that purport to on behalf of Plaintiffs are void, invalid and unenforceable.

**SEVENTH CLAIM FOR RELIEF**

**(Cancellation of Instruments – Cal. Civ. Code § 3412)**

65. Plaintiffs incorporate by reference and reallege each and every allegation in paragraphs 1 through 64 as if fully set forth herein.

66. Defendants—without any authority whatsoever—have recorded various assignments and reconveyances of liens established by CHL (including but not limited to the reconveyances described in Paragraph 26).

67. By this action, Plaintiffs seek to cancel the instruments referenced in Paragraph 66 above.

68. Defendants—without any authority whatsoever—have purported to enter into various settlement agreements, stipulated judgments and/or judgments that purport to modify loans originated by CHL and reconvey liens established by CHL, and caused these documents to be entered into the record in California state courts.

69. By this action, Plaintiffs seek to cancel the instruments referenced in Paragraph 68 above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1. That Defendants be held to have infringed, directly or indirectly, the federally registered AMERICA'S WHOLESALE LENDER® mark within the meaning of 15 U.S.C. section 1114(1).

2. That Defendants be held to have, directly and indirectly, falsely designated the origin, affiliation, endorsement, qualities, nature or characteristics of services by using "America's Wholesale Lender" within the meaning of 15 U.S.C. section 1125(a), and that such actions were willful and intentional;

3. That Defendants be held to have engaged in trademark infringement, unfair, unlawful and deceptive trade practices within the meaning of California Business and Professions Code sections 14245, 17200 *et seq.* and 17500 *et seq.*;

4. That the Court grant a preliminary and permanent injunction prohibiting Defendants and their officers, partners, agents, subcontractors, employees, subsidiaries, successors, assigns, and related companies or entities, and all others acting in concert or participating with them or with actual notice of such order from directly or indirectly using America's Wholesale Lender, Inc. or any confusingly similar designations, as a mark, business name, domain name, email address, meta-tag or otherwise, and also prohibiting acceptance of service of process intended for the Plaintiffs and to provide to the Plaintiffs all documents and things that any of them have received that were intended for the Plaintiffs;

5. That Defendants be required to destroy all advertising, marketing, or other promotional materials bearing "America's Wholesale Lender" or "America's Wholesale Lender, Inc.," along with the means for making the same;

6. That Defendant AWLI immediately take steps to change its name to a name that is not confusingly similar thereto or to "America's Wholesale Lender";

7. That Defendants be required to file with the Court and serve on the Plaintiffs' counsel within 30 days after service of the order requiring the actions specified above, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

8. That the Plaintiffs have an accounting for damages and for all of Defendants' profits from their actions complained of herein;

9. That the Court award the Plaintiffs actual and trebled damages to the full extent allowed under 15 U.S.C. section 1117, in an amount to be determined at trial;

10. That the Court award the Plaintiffs all actual damages suffered by the Plaintiffs by reason of Defendants' conduct, as well as any profits of Defendants and restitution that are attributable to Defendants' infringing activities, unfair competition, false designation of origin, unfair business practices and false advertising not taken into account in computing the actual damages, and that punitive damages be awarded as authorized under the law;

11. That the Plaintiffs be awarded reasonable attorneys' fees, expenses and costs associated with this action pursuant to 15 U.S.C. section 1117;

12. That any instruments executed or entered into by Defendants or their agents or representatives, purporting to affect the rights of Plaintiffs, loans originated or serviced by Plaintiffs or liens established by Plaintiffs, be declared void, invalid and unenforceable; and that any such recorded instruments be expunged from the land records; and

13. Such other and further relief as this Court determines to be just and equitable.

Dated: February 13, 2012

Respectfully submitted,

**BRYAN CAVE LLP**

By: ______________________
NAFIZ CEKIRGE

Attorneys for Plaintiffs
COUNTRYWIDE HOME LOANS, INC.,
BANK OF AMERICA CORPORATION,
and BANK OF AMERICA, N.A.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

**SACV12- 242 CJC (ANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[X] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

ROBERT E BOONE III (SBN 132780)
NAFIZ CEKIRGE (SBN 255710)
ROBERT G. LANCASTER (SBN 257504)
BRYAN CAVE LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576 2100 Fax: (310) 576-2200
E-Mail: reboone@bryancave.com
nafiz.cekirge@bryancave.com
rglancaster@bryancave.com

COPY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A., PLAINTIFF(S) | CASE NUMBER SACV12-242-CJC (ANx) |
| v. | |
| AMERICA'S WHOLESALE LENDER, INC., a New York Corporation; DENNIS L. BELL, an individual; CHERI B. ENGLISH, an individual; JAN VAN ECK (a/k/a HERMAN JAN VAN ECK a/k/a MAURITZ VAN ECK a/k/a MAURICE VAN ECK a/k/a MARITZ VAN ECK a/k/a GEORGE TOMAS), an individual; and DOES 1-10 , DEFENDANT(S). | **SUMMONS** |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, listed above, whose address is listed above. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: FEB 13 2012

By: MARILYN DAVIS
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*


American LegalNet, Inc. www.FormsWorkFlow.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Countrywide Home Loans, Inc.; Bank of America Corporation; and Bank of America, N.A.

**DEFENDANTS**
America's Wholesale Lender, Inc.; Dennis L. Bell; Cheri B. English; Jan Van Eck (a/k/a Herman Jan Van Eck a/k/a Mauritz Van Eck a/k/a Maurice Van Eck a/k/a Maritz Van Eck a/k/a George Tomas); Does 1-10

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert E Boone III; Nafiz Cekirge, Robert G. Lancaster
Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, CA 90401
(310) 576 2100

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only**
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** ____________

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(A)(1)(A). Trademark and trade name infringement.

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 22 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities – Employment
- ☐ 446 American with Disabilities – Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R.& Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

**SOCIAL SECURITY**
- ☐ 61 HIA(1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW 405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: SACV12-242

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**


American LegalNet, Inc. www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed inthis court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Kentucky, New York, Connecticut |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | North Carolina |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, Orange | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** February 10, 2012
Nafiz Cekirge

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |


American LegalNet, Inc.
www.FormsWorkflow.com