IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JANET HILL,

Plaintiff,

v.

THE BANK OF NEW YORK MELLON as Trustee for the Certificateholders of Cwalt, Inc. alternative Loan Trust 2005-58 Mortgage Pass-Through Certificate Series 2005-58 formerly known as The Bank of New York, et al.,

Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-1577-TWT

**ORDER**

This is the third lawsuit filed by the Plaintiff seeking to enjoin foreclosure proceedings. It is before the Court on the Defendants' Motions to Dismiss [Doc. 9, 10, & 11]. A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is

extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept factual allegations as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555). This action is barred by res judicata. In addition, Plaintiff has not standing to challenge the assignment of her mortgage and her complaints about lending practices generally fail to state a plausible claim for relief. The Defendants' Motions to Dismiss [Doc. 9, 10, & 11] are GRANTED.

SO ORDERED, this 6th day of August, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge